THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE : | |
| COMPANY OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 5:07-CV-317 |
| : | |
| ROCKLYN HARPER : | |
| : | |
| Defendant. : | |

## ORDER FOR DEFAULT JUDGMENT

Whereas the Defendant, Rocklyn Harper has been defaulted for her failure to appear and answer the Complaint of Plaintiff, Unum Life Insurance Company of America ("Unum"); and whereas Plaintiff's claim is for a sum certain; Plaintiff's Motion for Default Judgment (Doc. 5) is **GRANTED**, and **IT IS HEREBY ORDERED** that the Clerk of Court shall enter Default Judgment in favor of Plaintiff and that Defendant shall make restitution to Plaintiff in the amount of $48,791.70, plus costs.

## PROCEDURAL HISTORY

This case arises from the alleged overpayments of long-term disability insurance benefits by Unum to Defendant arising from an employee welfare benefit plan ("the Plan") covered by the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq*. Unum brought suit against Defendant on August 17, 2007, seeking restitution of the overpayments. The record shows that Defendant was personally served with a Summons and Complaint on August 28, 2007; however, Defendant never filed a responsive pleading. The clerk entered default as to

1

Defendant on September 28, 2007. Unum filed its Motion for Default Judgment on October 31, 2007. Defendant has made no response to Unum's Motion.

## DEFAULT JUDGMENT STANDARD

Rule 55(b) of the Federal Rules of Civil Procedure provides that the Clerk of Court may enter default judgment where the defendant has been defaulted for not appearing and where the plaintiff's claim is for a sum certain. Defendant has made no appearance in this case, despite receiving personal service of the Complaint and extensive correspondence from Unum's counsel. The recovery that Unum seeks is a sum certain, representing the amount of benefits that Defendant received in excess of the amounts to which she was entitled under the policy.

Although it is clear that Defendant is in default in this case, the Court must examine the claims to determine that default judgment is warranted by the applicable law. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). By defaulting, Defendant is deemed to have admitted the well-pleaded allegations in the Complaint. *Id*. The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *Id*. If the facts as alleged state a claim, the Court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the Complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). In this case, the facts alleged in the Complaint do support a judgment in Unum's favor for the funds sought.

## FACTS

Based on the facts alleged in the Complaint, along with supporting evidence in the record, the Court finds as follows. Defendant was covered under a long-term disability benefits policy from Unum as part of an employee welfare benefit plan provided by her employer. The Unum policy provided that monthly benefits would be calculated as a percentage of an insured's pre-disability earnings, reduced by "any deductible sources of income." Deductible sources of income under the plan included Social Security Disability Insurance ("SSDI"). Defendant received benefits from Unum beginning in March 2003, with retroactive benefits from September 28, 2002. In order to receive benefits from Unum, Defendant agreed to notify Unum if she received notice that she would be paid disability benefits from deductible sources and to repay any overpayment incurred as a result of receiving any benefits from such other sources. In the agreement, Defendant also acknowledged that she would be liable to Unum for any overpayments. Although Defendant represented to Unum that her claim for SSDI benefits had been denied, Defendant had been found to be disabled by the Social Security Administration in October 2002.

Unum paid unreduced long-term disability benefits to the Defendant through August 2005, when it learned that Defendant had been eligible to receive SSDI benefits since October 2002. Unum paid a total of $51,885.30 to Defendant. Under the terms of the policy, Defendant should have only been paid $50 per month, or $1,943.60. Defendant has sent Unum $350 in partial repayment of the overpayment, and Unum applied the $50 per month due to Defendant to the overpayment until January 2007, when the benefits were terminated under the terms of the policy. Unum alleges that Defendant is obligated under the terms of the policy to provide restitution for the remaining overpayments, which total $48,791.70. The overpayment amount was reached by

subtracting the amount Defendant was due under the policy ($1,943.60), the partial repayment by Defendant ($350), and the minimum monthly benefit of $50 from October 2005 to January 2007 ($800) from the total paid by Unum to the Defendant ($51,885.30)

**DISCUSSION**

Under ERISA, a fiduciary may bring an action to obtain "appropriate equitable relief" to enforce the terms of the plan. 29 U.S.C. §1132(a)(3)(B). Whether a remedy is legal or equitable "depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (quoting *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994)). The Supreme Court recently held that an insurance company may bring an action under ERISA to seek restitution for amounts paid for medical expenses where the beneficiaries have received compensation from third parties for the same expenses. *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 360 (2006). Looking to the case law from "the days of the divided bench," the Court held that because the beneficiaries' plan provision identified (1) a particular fund - recoveries from a third party, and (2) a particular share of that fund to which the insurance company was entitled, the relief sought was equitable under ERISA. *Id.* at 364. Applying *Sereboff*, the Eleventh Circuit Court of Appeals has held that an action seeks equitable relief under ERISA when the plaintiff (1) requires that reimbursement come from an identifiable fund, and (2) limits recovery to a particular share of the fund. *Popowski v. Parrott*, 461 F.3d 1367, 1373 (11th Cir. 2006).

In comparable cases, courts across the country have held that *Sereboff* permits an insurer to obtain restitution for overpayments made when the plan beneficiary obtains benefits from other

4

sources. For example, in *Dillards, Inc. v. Liberty Life Assurance Co.* 456 F.3d 894 (8th Cir. 2006), the Eight Circuit held that an insurer was entitled to restitution for overpayments due to the beneficiary's receipt of SSDI benefits. The court determined that the relief was equitable because the company sought to recover "a particular share of a specifically identified fund-all overpayments resulting from the payment of social security benefits." *Id*. at 901.

District courts have held likewise. In *Smith v. Accenture United States Group Long-term Disability Insurance Plan*, 2006 WL 2644957 (N.D. Ill., Sept. 13, 2006), an Illinois district court found that the insurer was entitled to recover its overpayments, notwithstanding that the funds might have been commingled with SSDI payments that were protected from levy or attachment under 42 U.S.C § 407(a). The court noted the reasoning in *Sereboff* that "funds need not be traceable in the event of a lien by agreement." *Id*. at *5. Similarly, in *Bosin v. Liberty Life Assurance Co. of Boston*, 2007 WL 1101187 (W.D. Mich., April 11, 2007), a district court in Michigan held that the insurer was entitled to recover overpayments and that its claim for restitution was not barred by the anti-assignment provisions of 42 U.S.C. § 407(a). Section 407(a) did not bar recovery where the insurer did not seek to attach future benefits from SSDI.

In this case, Unum seeks to recover its overpayments to Defendant as a result of Defendant's receipt of SSDI payments. Under ERISA, Unum is entitled to equitable restitution of these funds. 29 U.S.C. § 1132(a)(3). By the Affidavit of Jose Gilbert Aguirre, Jr., Unum has shown that its overpayments amount to $48,791.70. The Court finds an award in that amount appropriate.

**CONCLUSION**

For the foregoing reasons, the Court hereby directs the Clerk of Court to enter default judgment in favor of Plaintiff and against Defendant Rocklyn Harper. The judgment shall provide that Defendant is to make restitution to Unum of the $48.791.70 in overpayments under the policy.

**SO ORDERED** this 2nd day of May, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

eb/chw